# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DIXIE GRALEY BRUMLOW-RUSSELL,**

        Plaintiff,                      Case No. 2:08-cv-714
                                            JUDGE GREGORY L. FROST
   v.                                  Magistrate Judge Terence P. Kemp

**WAL-MART STORES, INC., et al.,**

        Defendant.

## ORDER AND OPINION

This matter is before the Court for consideration of a motion to dismiss filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). (Doc. # 4.) Plaintiff, Dixie Graley Brumlow-Russell, has filed a *pro se* "Motion Not to Dismiss" in response, which this Court recognizes as a memorandum in opposition to Wal-Mart's motion to dismiss.[1] (Doc. # 6.) The Court finds the motion to dismiss to be well taken and therefore **GRANTS** the same. (Doc. # 4.)

### I. Background

For the purposes of addressing the instant motion, the Court accepts the factual allegations of Plaintiff's complaint as true. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990) (in ruling on motion to dismiss, a court must assume as true all well-pleaded facts in the complaint); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff is the owner of a business and property known as "Muskingum Rider Camp and Marina" ("camp") in Zanesville, Ohio. (Doc. # 2, at 15.) Plaintiff makes multiple allegations against various parties in connection with this property. Although the *pro se* Complaint is

---

[1] The Clerk is instructed to correct the docket so that the memorandum does not appear as a motion.

difficult to understand–at times the pleading borders on incomprehensible–it appears that the primary focus of the Complaint is Plaintiff's allegations that her husband, Paul Russell, is involved in "devil parties," "devil worship," "sex swing parties," and prostitution on the camp premises.[2] (Doc. # 2, at 15.) Russell and others allegedly used United States intelligence equipment to read Plaintiff's thoughts, as well as a laser to blind her. (Doc. # 2, at 22.)

Of import to the instant motion is the Complaint's allegation that Russell buys "bingo tickets" from two stores owned by Wal-Mart. Plaintiff asserts that these bingo tickets were involved in some capacity with the alleged prostitution. It is unclear to the Court whether Russell allegedly distributes the bingo tickets in exchange for sexual favors or whether Russell performs sexual acts in order to receive the money used to purchase bingo tickets from Wal-Mart's stores. The distinction is of no consequence to the Court's decision on Wal-Mart's motion.

Plaintiff filed her Complaint (Doc. # 2) on July 23, 2008, and subsequently filed a July 25, 2008 "Affidavit of Service" (Doc. # 3) that is not properly notarized. There is no indication that any defendant was properly served with the Complaint, but Wal-Mart filed a motion to dismiss on August 14, 2008. (Doc. # 4.) Setting aside the service issue, the Court recognizes that Wal-Mart's motion is now ripe for disposition.

## II. Discussion

### A. Standard Involved

---

[2] The Court notes that its account of the facts treats Paul Russell as one individual, although the Complaint casts doubt on that potentially flawed assumption. The pleading states "Paul Russell (3) Triplets Told Me if I Didn't Marry them that I would go to hell." (Doc. # 2, at 50.) The Complaint also states that "I was forced to get married to Paul Russell, Paul J Russell[,] [and] Paul James Russell" and that "All Three Men Triplets – Paul Russell[,] Paul James Russell[,] [and] Paul J Russell Are Male Prostitutes for the Churches So they can have Babies." (Doc. # 2, at 51.)

Wal-Mart moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth claims upon which this Court may grant relief. Under the United States Supreme Court's most recent articulation of the analytic standard involved in applying this rule, this Court must construe the Complaint in favor of Plaintiff, accept the factual allegations contained in the Complaint as true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007); *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007). Thus, "[d]ismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised." *Id.* (citing *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485 (6th Cir. 1990)).

**B. Analysis**

Within her Complaint, Plaintiff refers to Wal-Mart approximately nine times. Yet the only factual allegation with respect to Wal-Mart is an allegation that Russell purchased bingo tickets from stores operated by Wal-Mart. Necessarily accepting as true all of Plaintiff's factual allegations, the Court determines that Plaintiff has failed to state a claim upon which the Court can grant relief against Wal-Mart. The Complaint simply fails to present any action by Wal-Mart–as opposed to actions by third parties not under the company's control–that would involve

the company in any of the various claims for relief that can be gleaned from the pleading. Accordingly, even assuming the truth of all of Plaintiff's factual assertions and all reasonable inferences arising therefrom, dismissal under Rule 12(b)(6) is warranted. *See*, *e.g.*, *Harris v. City of Cleveland*, 7 F. App'x 452, 457-58 (6th Cir. 2001) (affirming Rule 12(b)(6) dismissal where the complaint failed to allege specific facts indicating a defendant's illegal conduct).

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Wal-Mart's motion to dismiss. (Doc. # 4.)

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE